CECIL DUNN V. STATE.

No. 25687. February 6, 1952.
Rehearing Denied March 26, 1952.

Hon. Sam Bullock, Judge Presiding.

*Croslin & Pharr,* by *E. G. Pharr,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Cecil Dunn and his brother, Curtis Dunn, were charged by complaint and information with acting together in the possession of whisky, gin and beer, a malt liquor, for the purpose of sale in Mitchell County where the sale of alcoholic beverage is prohibited by law. They appeared in court together, with the same attorney and by proper order a severance was granted and Cecil Dunn first placed on trial. From a fine of $500.00 and 45 days in jail he has brought this appeal.

There are no bills of exception in the record and the statement of facts, which is in question and answer form, does not have an index pointing out any exceptions taken to evidence admitted before the jury. The only question to consider is appellant's contention that the evidence is insufficient. We note in the motion for new trial that objections were taken to several different statements made by the witness McGuire. In the absence of a bill of exception we would be unable to consider them.

On the question of the sufficiency of the evidence, Bob McGuire, Deputy Sheriff, testified that he went to a house at 504 Cherry Street armed with a search warrant. Cecil Dunn opened the door and hesitated before letting them in. The evidence on the subject is: "We had a little trouble getting in, but finally Cecil Dunn opened the door for us. We found beer in the kitchen and the rest in the garage. The whisky was in the garage under a rug." It is shown that the garage was attached to the house. The witness said, further, that Cecil Dunn appeared to be one of the parties in control of the house. As a result of the search, they introduced in evidence 10 pints of whisky, 3 half-pints of whisky, 1 half-pint of gin and a case and a half of beer, together with bottles, cans, contents and labels.

As we understand the poorly prepared statement of facts, McGuire testified on cross-examination that Cecil Dunn appeared to be in possession of the premises; that he appeared to be the head of the house; that he was hesitant about opening

the door but did do so. The witness testified that another party was present but soon left and appeared to have no control over the premises. The two brothers charged in the complaint were present and were arrested at the time. On further examination the witness was asked: "Do you know who lives in that house?" To this he answered, "Cecil and Curtis Dunn." This witness and at least one other testified that they had seen the appellant at this place before and after this arrest.

The defense offered the testimony of a party who lived some distance away but who was present when the officers entered the premises. He said he had come there to see Don McCombs. He understood that to be his home and had visited him there on former occasions. McCombs, at the time of the trial, had left for parts unknown to the witness and was not present to testify. It will thus be seen that there is a possible conflict in the evidence as to who lived at the place, even though no one testified that this appellant did not live there. The jury accepted the state's evidence and imposed a fine. We think they were authorized to do so under the facts.

Finding no reversible error, the judgment of the trial court is affirmed.

#### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant again challenges the sufficiency of the evidence to support the allegations in the indictment.

While it is true that state's counsel did not let the arresting officer finish his answer to the following question, as here shown,

"Q. Do you recall how much liquor you found there? A. *Well*, there was about a case and a half of beer, a ½ pint of gin and * * *

"Q. Did you take possession of the liquor?" however, elsewhere in the testimony of the officer, we find, "A. * * * we found beer in the kitchen and the rest in the garage. The whiskey was in the garage under a rug."

We also find,

"Q. How many pints of whiskey is there? A. Ten pints."

Elsewhere in the record, we find,

"Q. *Are these* the liquors found at 504 Cherry Street? A. Yes.
"Q. They have been in the possession of the sheriff's department? A. Yes, sir.
"Q. You can positively identify them? A. Yes, sir.
"Q. Do you have these boxes marked? A. Yes, sir.

"MR. JENNINGS: Your Honor, we would now like to introduce into evidence these ten pints of whiskey, three ½ pints of whiskey, one ½ pint of gin and a case and a half of beer. * * *"
to which no objection appears.

On the question of who was in charge of the premises where the liquor was found, we note that appellant's witness stated that he had come to the house in question to visit Don McCombs. However, the officer, who was, to some degree, familiar with the premises, stated that he had not seen Don McCombs at such address since the first of the year, and the trial was had in September. This, we think, was probative evidence, in addition to that set forth in the original opinion, supporting the jury's verdict.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.